# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| A&A Global Imports, Inc., | Case No. 2:22-cv-00576-RFB-DJA |
| Plaintiff | |
| v. | **Order** |
| CBJ Distributing LLC d/b/a Cannabiz Supply, et al., | |
| Defendants. | |

Before the Court is Plaintiff A&A Global Import's motion to seal an exhibit to its complaint and to redact a paragraph of that complaint. (ECF No. 2). A&A moves to seal the exhibit because it is a copy of a settlement agreement between A&A and Defendant CBJ Distributing LLC. (*Id.* at 2-3). It moves to redact the paragraph because it quotes directly from the settlement agreement. (*Id.*). A&A explains that the settlement agreement contains a confidentiality provision, designed to protect the confidential business terms and nature of the agreement. (*Id.*). Defendants CBJ, North American Distributing, LLC; and Charles J. Fox did not answer. Because the Court finds that A&A has offered sufficient justification to keep the information under seal, it grants the motion.

**I.  Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at 1183. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for*

*Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion.

Here, A&A has complied with the Ninth Circuit's directives by establishing compelling reasons to seal the unredacted version of its complaint and the settlement agreement attached to that complaint. It explains that publication of the settlement agreement between it and CBJ would undermine any future settlement negotiations it undertakes because the confidentiality of its negotiations and agreements would not be assured. (ECF No. 2 at 3). It adds that the settlement agreement contains non-public pricing information which could harm its competitive standing. (*Id.* at 4). It concludes that the redaction is narrowly tailored, only removing that portion of the complaint that quotes directly from the settlement agreement and the settlement agreement itself. (*Id.*). The Court finds these to be compelling reasons. Moreover, although Defendants have appeared in this action, they have not responded to A&A's motion. This constitutes their consent to the granting of the motion.

**IT IS THEREFORE ORDERED** that A&A's motion to seal (ECF No. 2) is **granted**.

DATED: July 7, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE