# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| A&A Global Imports, Inc., | Case No. 2:22-cv-00576-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| CBJ Distributing LLC d/b/a Cannabiz Supply; et al., | |
| Defendants. | |
| And related counterclaims. | |

Before the Court are five motions to seal. (ECF Nos. 28, 38, 44, 51, 53). Defendants ask to redact portions of their motion for summary judgment and an exhibit thereto (ECF No. 28). Plaintiff asks to redact portions of its response to that motion and its motion for preliminary injunction. (ECF No. 38). Defendants move to redact portions of their reply in support of their motion to stay discovery (ECF No. 44) and reply in support of their motion for summary judgment (ECF No. 51). Finally, Defendants move to redact portions of their response to Plaintiff's motion for preliminary injunction. (ECF No. 53). Both parties rely on the Court's previous order, granting Plaintiff's motion to redact a paragraph from their complaint which quoted directly from the settlement agreement and to seal the settlement agreement itself. (ECF No. 18). However, the scope of the information the parties seek to seal has changed since the Court granted Plaintiff's initial motion to seal. The Court thus revisits the issue and denies the pending motions to seal without prejudice.

**I.    Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092,

1097 (9th Cir. 2016).  A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard.  *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'"  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179).  For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies.  *See Ctr for Auto Safety*, 809 F.3d at 1095, 1101.  Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy.  *Harper v. Nevada Property 1, LLC*, 552 F.Supp.3d 1033, 1040-41 (D. Nev. 2021).  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that the redacted versions be filed rather than sealing entire documents.  *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

"[T]he mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information." *Helix Environmental Planning, Inc. v. Helix Environmental and Strategic Solutions*, No. 3:18-cv-02000-AJB-AHG, 2021 WL 120829, at *1 (S.D. Cal. Jan. 13, 2021); *see also FTC v. AMG Servs.*, No. 2:12-cv-00536-GMN-VCF, 2020 U.S. Dist. Lexis 232231, at *5 (D. Nev. Dec. 10, 2020) ("the confidentiality of the settlement agreement alone does not provide a compelling reason to seal").  That is particularly true in the context of a motion to enforce settlement, as the local rules put the parties on notice that the Court may order the disclosure of otherwise confidential information as part of the resolution of that motion.  *See* Local Rule 16-5.  The logic behind this approach is clear: although parties to a confidential settlement agreement may prefer to keep its terms secret, "once they turn to the federal court to resolve their disputes ... the public administration of justice demands transparency." *Avocados Plus Inc. v. Freska Produce Int'l LLC*, No. 2:19-cv-06451-RGK-JC, 2019 WL 12345580, at *2 (C.D. Cal. Oct. 8, 2019) (quoting *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. SA CV 16-00300-CJC(RAOx), 2017 WL 2806897, at *7 (C.D. Cal. Mar. 30, 2017)).

At the same time, courts recognize the general benefits of keeping settlement discussions and settlements confidential when feasible. *See, e.g.*, *U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-cv-01428 LJO JLT, 2010 WL 582049, at *2 (E.D. Cal. Feb. 12, 2010) ("Confidentiality of the mediation process encourages settlement") (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998)). Courts must balance the parties' need for secrecy against the public's interests in transparency, including its interest in "understanding the judicial process." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2010). Given all these considerations, some courts have taken a middle approach in the context of a motion to enforce a settlement whereby the terms of settlement pertinent to analyzing the motion to enforce will not be kept secret, but the terms that are irrelevant to the motion to enforce will be kept secret. *See United States ex rel. Lesnik v. Eisenmann SE*, No. 16-cv-01120-LHK, 2021 WL 2092944, at *3 (N.D. Cal. May 11, 2021); *see also Pizza v. Fin. Indus. Regul. Auth., Inc.*, No. 13-cv-0688 MMC (NC), 2015 WL 1383142, at *2 (N.D. Cal. Mar. 19, 2015).

The Court denies the pending motions to seal without prejudice. The parties' use of redactions and sealing has evolved since the Court first granted Plaintiff's motion to seal. That motion dealt with Plaintiff's complaint, which included a single direct quote from the settlement agreement and attached the settlement agreement as an exhibit. (ECF No. 2). In that context, the redaction and sealing did not diminish the public's interest in transparency. The crux of the complaint was still discernable, despite the redaction. Given Plaintiff's representations that the instant action "involves enforcement of the Settlement Agreement, not its confidential business terms," and that Plaintiff would have difficulty settling other cases if its negotiated terms were publicly disclosed, the Court found compelling reasons to grant the motion. (ECF Nos. 2, 18).

But now, the parties ask to redact significant portions of their motions, certain of which motions are more than tangentially related to the merits of the case and certain of which redactions detract from the public's ability to understand the motions. While the Court recognizes that the parties negotiated terms that they consider confidential, the redactions are too broad for the Court to justify sealing based only on the fact that the parties negotiated the terms of the agreement. The redactions cover more than direct quotes to the agreement, but also

references to its terms and even references to its existence (despite unredacted references to the existence of the settlement agreement elsewhere).[1] These redactions also obscure the crux of the parties' dispute: why Plaintiff believes that Defendants breached the settlement agreement and why Plaintiff is entitled to enforcement of those terms.

Additionally, the parties' arguments about why the redactions are appropriate, why they are narrowly tailored, and why documents should stay under seal rely in part on the Court's previous order. But they do not provide compelling reasons to seal these specific redactions or documents, which redactions and sealed portions obscure more information than those in the complaint. Given the context of the motions—some attached to motions more than tangentially related to the merits and all related to enforcement of the settlement agreement—and the Ninth Circuit's directive for the Court not to rely on hypothesis or conjecture in its orders, the Court cannot grant the motions to seal as they are.

The Court finds that the "middle approach" is persuasive here. On the one hand, it would be unfair to deprive the parties of the benefit of their bargain (which includes confidentiality). On the other, the parties have come to the Court with a dispute over the settlement agreement, heightening the need for transparency. The Court thus finds that the terms of the settlement agreement necessary to the parties' dispute should not be kept secret. But those which have no bearing on the outcome of the case—for example, the amount of settlement—may remain under seal.

---

[1] For example, Defendants' reply in support of their motion to stay discovery redacts the term "Exhibit C." *Compare* (ECF No. 44 at 6) *with* (ECF No. 43 at 6). But "Exhibit C" simply refers to the exhibit Defendants attached to their reply which depicts the design of bag which Plaintiff asserts is substantially identical to Defendants' bag. And the content of the exhibit is clear from the brief. (ECF No. 43 at 6). So, it is unclear why its location is a secret or why the settlement agreement's confidentiality provision lends its location any secrecy.

Plaintiff's motion for preliminary injunction contains another example. There, Plaintiff's motion leaves the terms "substantially identical bags" unredacted while simultaneously redacting a similar term. *Compare* (ECF No. 41 at 4) *with* (*id.* at 8). While it would appear that this is because the similar term is a negotiated portion of the settlement agreement, that is not explained in the motions to seal, forcing the Court to rely on hypothesis and conjecture, precisely what the Ninth Circuit has forbidden.

The Court also recognizes that the parties have—not unreasonably—relied on its previous order in their instant motions to seal and thus, may have provided less context than they might have under normal circumstances. The Court thus denies the parties' motions without prejudice. It will keep the documents at issue under seal for thirty days. Before thirty days, the parties must stipulate or move to seal the documents, unseal them, or seal some and unseal others. Because the parties have not disagreed on sealing, the Court encourages the parties to stipulate. Any stipulation or motion to maintain the documents under seal should explain why the documents or redactions at issue: (1) meet the applicable *Kamakana* and *Ctr. for Auto Safety* standards; and (2) why the protected information is unnecessary to the parties' dispute and has no bearing on the outcome of the case

**IT IS THEREFORE ORDERED** that the pending motions to seal (ECF Nos. 28, 38, 44, 51, and 53) are **denied without prejudice**. The parties shall move or stipulate to seal the documents, unseal them, or seal some and unseal others on or before **November 21, 2022**. If the parties do not file a motion or stipulation to seal regarding ECF Nos. 28, 37, 42, 44, 51, and 53 on or before November 21, 2022, the Clerk of Court is kindly directed to unseal these documents on November 22, 2022.

DATED: October 21, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE