**Marquis Aurbach**
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Harry L. Arnold, Esq.
Nevada Bar No. 15866
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
bhardy@maclaw.com
harnold@maclaw.com

Law Offices of Philip A. Kantor PC
Philip A. Kantor, Esq.
Nevada Bar No. 6701
1781 Village Center Circle, Suite 120
Las Vegas, Nevada 89134
prsak@aya.yale.edu

Attorneys for Defendant/Counterclaimant CBJ Distributing LLC d/b/a Cannabiz Supply, North American Distributing, LLC d/b/a Cannabiz Supply, and Charles J. Fox

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| A&A GLOBAL IMPORTS, INC., a California corporation,<br>    Plaintiff,<br>vs.<br>CBJ DISTRIBUTING LLC d/b/a CANNABIZ SUPPLY, a Nevada limited liability company; NORTH AMERICAN DISTRIBUTING, LLC d/b/a CANNABIZ SUPPLY, a Nevada limited liability company; and CHARLES J. FOX, an individual,<br>    Defendants.<br>NORTH AMERICAN DISTRIBUTING, LLC d/b/a CANNABIZ SUPPLY, a Nevada limited liability Company,<br>    Counterclaimant,<br>vs.<br>A&A GLOBAL IMPORTS, INC., a California corporation,<br>    Counterdefendant. | Case Number:<br>2:22-cv-00576-RFB-DJA<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER TO STAY AND EXTEND DISCOVERY PURSUANT TO JUNE 5, 2024 MINUTE ORDER (FIFTH REQUEST)** |

MAC:10460-007

**STIPULATION AND [PROPOSED] ORDER TO STAY AND EXTEND DISCOVERY PURSUANT TO JUNE 5, 2024 MINUTE ORDER (FIFTH REQUEST)**

Plaintiff/Counterdefendant A&A GLOBAL IMPORTS, INC. ("Plaintiff"), by and through its counsel of record, the law firms of Blank Rome LLP and Lewis Roca Rothgerber Christie LLP, and Defendants/Counterclaimant CBJ DISTRIBUTING LLC d/b/a CANNABIZ SUPPLY, NORTH AMERICAN DISTRIBUTING, LLC d/b/a CANNABIZ SUPPLY, and CHARLES J. FOX ("Defendants", collectively with Plaintiff, the "Parties"), by and through their counsel of record, the law firm of Marquis Aurbach and the Law Offices of Philip A. Kantor PC, hereby move pursuant to this Court's June 5, 2024 Minute Order and stipulate as follows to stay the discovery deadlines in this case for five (5) months as detailed herein, on the basis of earnest settlement discussions:

A.  **COMPLETED DISCOVERY**

As previously reported, the Parties have engaged in considerable discovery, with both Plaintiff and Defendants serving and responding to multiple sets of interrogatories, requests for admission and requests for production. The Parties have conducted multiple meet-and-confer conferences regarding the aforementioned written discovery and have both supplemented their discovery responses multiple times.

B.  **REMAINING DISCOVERY & COST/BURDEN OF REMAINING DISCOVERY**

The Parties are close to completing all necessary discovery. The only remaining items the parties contemplate conducting are depositions and selected written discovery as referenced in correspondence between the parties as of January 26, 2024.

Completing this remaining discovery will entail considerable cost/expense that should otherwise be expended towards the continued possible settlement of the instant matter. With respect to the estimated 4-5 depositions in particular that will need to be taken, said depositions will require out-of-state travel and accommodation for both Plaintiff's counsel and Plaintiff, as well as significant time and preparation on both sides.

As things currently stand, the Parties have been, and continue to be able to pursue settlement without significant time or resources invested from their attorneys – which has

MAC:10460-007

come at a significant savings to both parties. The parties fear that the sudden need to expend significant attorney's fees and costs completing the remainder of discovery, and thereafter engaging in significant summary judgment motion work, could detract from, and worse, reverse, the progress being made in the ongoing settlement discussions.

  C.  **THERE IS GOOD CAUSE TO STAY THE CASE PENDING SETTLEMENT TALKS**

  The parties' principals have been in direct negotiations and believe a limited five-month standstill of the litigation would greatly benefit their ongoing settlement efforts. Accordingly, they have asked their respective counsel to request a standstill of the litigation for 5 months.

  This Court, in *Gibson v. MGM Resorts Int'l*, No. 223CV00140MMDDJA, 2023 WL 4455726, at *2 (D. Nev. July 11, 2023), adopted a new framework to determine whether to grant a stay of discovery based on an analysis by the Honorable Judge Brenda Weksler in *Schrader v. Wynn Las Vegas, LLC*, No. 219CV02159JCMBNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021). In *Schrader*, the Court articulated that it "may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery." *Id*. However, "good cause may exist based on other factors unrelated to the merits of the dispositive motion." *Id.* For example, "In many cases, the movant seeks a stay of discovery to prevent 'undue burden or expense.'" *Id.* (citing Fed. R. Civ. P. 26(c)(1).) The movant would need to establish what undue burdens or expense will result absent a stay and any party opposing the stay is encouraged to discuss any specific reasons why a stay would be harmful or prejudicial. *Id.* Ultimately, the Court's analysis is guided by Rule 1 of the Federal Rules of Civil Procedure, where the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id.* (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).)

MAC:10460-007

In the present case, the parties' request for a stay is premised on the exact good cause articulated by the *Schrader* Court: the parties' desire to avoid "undue burden or expense." After the Court's previous grant of extension of discovery (ECF No. 92), the parties' principals have engaged in several substantive and meaningful settlement discussions about a resolution of this case. As previously represented by Plaintiff's counsel in prior filings, Plaintiff has recently undergone a significant and comprehensive change in ownership – one that essentially equates to a new party being substituted into the case. This has created an enormous logistical challenge in terms of being able to substantively advance the case. Moreover, and without delving into the substance of settlement discussions, the recent change in Plaintiff's ownership has brought about circumstances that have made settlement more of a concrete possibility than before. The ongoing and substantive settlement discussions have led the parties to believe that they need some additional time to conduct certain due diligence and internal business transitions to complete their settlement talks.[1] For this limited purpose, the parties agreed to a five-month standstill of the litigation. This extension is being brought in the interest of justice and efficiency, and not for the purposes of undue delay.

Though of course there is no "dispositive" motion before this Court as referenced in *Gibson* and *Shrader*,[2] both of those decisions noted that good cause may exist on factors not related to any such motions. *Schrader*, 2021 WL 4810324, at *4 ("good cause may exist based on other factors unrelated to the merits of the dispositive motion"); *Gibson*, 2023 WL 4455726, at *3 (good cause may be establish "by other factors not related to the merits of the dispositive motion"). Nonetheless, the Parties jointly and respectfully submit that the ongoing settlement discussions has the same "dispositive" effect as a dispositive motion

---

[1] Due to the sensitive and confidential nature of the discussions, the parties have refrained from public disclosure of the substance of those discussions in this stipulation. However, if the Court would like additional details, the parties will agree to submit such information to the Court under seal.

[2] *See generally Gibson v. MGM Resorts Int'l*, No. 223CV00140MMDDJA, 2023 WL 4455726 (D. Nev. July 11, 2023).

because the settlement discussions would potentially resolve the entire case. Thus, and keeping in mind the second "good cause" factor articulated in *Gibson* and *Shrader*, the Parties submit that significant undue burden/expense will arise in the event that the Parties must shift their efforts away from the fruitful settlement discussions and to the remainder of discovery/summary judgment – with this "burden" being not only in the form of the additional attorney's fees and costs, but also in the potentially forgone possibility to globally settle the instant case.

Finally, as this request is sought jointly, neither party is asserting any claims of prejudice. *Schrader*, 2021 WL 4810324, at *4. To the contrary, the parties fear that not granting a stay and requiring them to expend the substantial time and expense of litigation would undermine, if not remove, the possibility of settlement.

Ultimately, the parties' request is in line with the objectives of Rule 1, where the parties are seeking to secure the "inexpensive determination" of the case. Fed. R. Civ. P. 1. Therefore, the Parties respectfully request this Court exercise its plenary authority to manage its own docket and foster the "orderly and expeditious disposition of cases." *Reberger v. Dzurenda*, No. 317CV00552RCJCSD, 2022 WL 21778508 (D. Nev. Oct. 18, 2022), report and recommendation adopted, No. 317CV00552RCJCSD, 2022 WL 21778513 (D. Nev. Nov. 14, 2022).

**D.    PROPOSED NEW DISCOVERY SCHEDULE**

|  | **Current Deadline** | **New [Proposed] Deadline** |
|---|---|---|
| Close of Discovery | July 1, 2024 | Discovery stayed until November 4, 2024. Then discovery will re-commence automatically (if settlement not reached beforehand) and end on December 2, 2024 |
| Dispositive Motions | August 1, 2024 | January 2, 2025 |
| Pretrial Order | September 3, 2024 | February 2, 2025, but if dispositive motions are filed, then the date for filing the joint pretrial order shall be suspended until thirty (30) days after decisions on any |

MAC:10460-007

| | | dispositive motions, or upon further order of the Court extending the time period in which to file the joint pretrial order |
|---|---|---|

**IT IS SO STIPULATED**.

Dated this 14th day of June, 2024

Submitted by:

**MARQUIS AURBACH**

By: /s/Harry L. Arnold
    Brian R. Hardy, Esq.
    Nevada Bar No. 10068
    Harry L. Arnold, Esq.
    Nevada Bar No. 15866
    10001 Park Run Drive
    Las Vegas, Nevada 89145

    Law Offices of Philip A. Kantor PC
    Philip A. Kantor, Esq.
    Nevada Bar No. 6701
    1781 Village Center Circle, Ste. 120
    Las Vegas, Nevada 89134

Attorney(s) for Defendants/Counterclaimants CBJ DISTRIBUTING LLC d/b/a CANNABIZ SUPPLY, NORTH AMERICAN DISTRIBUTING, LLC d/b/a CANNABIZ SUPPLY, and CHARLES J. FOX

Dated this 14th day of June, 2024

Approved as to content by:

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

By: /s/ Meng Zhong
    Michael J. McCue
    Nevada Bar No. 6055
    Meng Zhong
    Nevada Bar No. 12145
    3993 Howard Hughes Pkwy Ste 600
    Las Vegas, NV 89169

    Blank Rome LLP
    Todd M. Malynn (admitted *pro hac*)
    California Bar No. 181595
    Arash Beral (admitted *pro hac*)
    California Bar No. 245219
    2029 Century Park Easte, Ste. 600
    Los Angeles, CA 90067

Attorney(s) for Plaintiff/Counterdefendant A&A GLOBAL IMPORTS, INC.

## **ORDER**

**IT IS HEREBY ORDERED** that, upon stipulation of counsel and good cause appearing therefore, the Stipulation to stay and extend the discovery deadlines in this case is hereby approved.

/ / /

/ / /

MAC:10460-007

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the discovery deadlines shall be amended as follows:

    1. Close of Discovery: Discovery stayed until November 4, 2024. Then discovery will re-commence automatically (if settlement not reached beforehand) and end on December 2, 2024.

    2. Last Day to File Dispositive Motions: January 2, 2025

    3. Joint Pretrial Order: February 2, 2025, but if dispositive motions are filed, then the date for filing the joint pretrial order shall be suspended until thirty (30) days after decisions on any dispositive motions, or upon further order of the Court extending the time period in which to file the joint pretrial order

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 6/18/2024

MAC:10460-007